1 | ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

2

3 | MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

4 | ELI J. COHEN (NYBN 5539226)
Special Assistant United States Attorney

5

6 | 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7443

7 | FAX: (415) 436-7234
Eli.Cohen@usdoj.gov

8

Attorneys for United States of America

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

13 | UNITED STATES OF AMERICA,                )  CASE NO. 3:25-mj-70105 MAG
                                           )
14 |       Plaintiff,                       )  MEMORANDUM IN SUPPORT OF UNITED
                                           )  STATES' MOTION FOR DETENTION
15 |    v.                                  )
                                           )  Date: February 5, 2025
16 | MARCO HERNANDEZ,                       )  Time: 10:30 a.m.
                                           )  Court: Hon. Laurel Beeler
17 |       Defendant.                       )
                                           )
18

19 |                              **INTRODUCTION**

20 |        If the judicial officer finds that there is probable cause to believe that a defendant committed "an

21 | offense for which a maximum term of ten years or more is prescribed in the Controlled Substances Act,"

22 | then, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of

23 | conditions will reasonably assure the appearance of the person as required and the safety of the

24 | community." 18 U.S.C. § 3142(e)(3)(A).  In this case, defendant Marco Hernandez ("Hernandez") has

25 | been charged by Criminal Complaint with one count of violating 21 U.S.C. §§ 841(a)(1) and

26 | (b)(1)(A)(viii), an offense under the Controlled Substances Act that carries a minimum penalty of ten

27 | years imprisonment and a maximum of a life sentence.  The United States now moves this Court to

28 | order Hernandez detained pending trial in this matter.

US' DETENTION MEMO                         1
3:25-mj-70105 MAG

1    United States Magistrate Judge Peter H. Kang found there was probable cause to believe

2   Hernandez had committed the offense charged, and therefore authorized the Complaint.  Subject to

3   rebuttal by Hernandez, this Court should presume that no condition or combination of conditions can

4   reasonably assure Hernandez's appearance and the safety of the community.  As will be detailed below,

5   Hernandez cannot rebut this presumption.  Instead, there is at least a preponderance of the evidence that

6   no condition or combination of conditions can reasonably assure Hernandez's appearance in court and

7   there is clear and convincing evidence that no condition or combination of conditions can reasonably

8   assure the safety of the community.  Therefore, this Court should order Hernandez detained pending

9   trial.

10                          **FACTUAL AND PROCEDURAL BACKGROUND**

11  **I.      Hernandez's Criminal History**

12    Marco Hernandez, age 56, has a recorded criminal history that spans approximately 35 years.  It

13  began as early as November 1988, when he convicted of False ID to Specific Peace Officer under

14  California Penal Code ("PC") § 148.9(a), for which he received probation and a fine.  In May 1991, he

15  was convicted of both Obstruction/Resisting under PC § 148 and Possession of a Controlled Substance

16  under California Health & Safety Code ("HS") § 11377(a), receiving a sentence of 30 days jail and 18

17  months probation.  In March 1994, he was again convicted of False ID. In May 1996, he sustained his

18  first felony conviction, for Possession of a Controlled Substance for Sale under HS § 11378, and was

19  sentenced to 12 months jail, 44 months prison suspended, and three years probation.  His probation was

20  ultimately revoked.  In June 1996, he was convicted of driving with a suspended license, and sentenced

21  to five months jail and two years probation.

22    In 2005, he was convicted of Possession with Intent to Distribute Methamphetamine and Aiding

23  and Abetting under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 and Money Laundering and Aiding and

24  Abetting under 18 U.S.C. § 1956(a)(3)(B) and 18 U.S.C. § 2 in the United States District Court for the

25  Northern District of California and sentenced to 144 months imprisonment and five years supervised

26  release.  It appears that in 2006, he entered the custody of the California Department of Corrections and

27  Rehabilitation to serve a 76-month term for two counts of Possession of a Controlled Substance for Sale.

28  In 2023, he was convicted of misdemeanor Possession of a Controlled Substance and felony Receiving

1  Stolen Property, for which he was sentenced to 120 days jail and two years probation.  He has used 11

2  aliases/variations of his name, and three alternative dates of birth.

3  **II.      The Instant Offense**

4       On or about January 8, 2025, an Undercover Officer ("UC") conducted a controlled purchase of

5  approximately 0.91 kilograms (approximately two pounds) gross weight of methamphetamine from

6  Hernandez.  In the days preceding the purchase, the UC was in contact with Hernandez by phone.  In

7  recorded communications they discussed an amount, time, and location of sale.  Additionally, during

8  one recorded conversation, Hernandez stated that he was in possession of approximately 20 pounds of

9  crystal methamphetamine.  On the day of the sale, the UC met with Hernandez in a parking lot in Marin

10  County, California.  Hernandez arrived in a vehicle with an adult female in his front passenger seat and

11  two apparent minors in the back seat.   Hernandez retrieved a plastic bag from the trunk of his vehicle

12  and got into the UC's vehicle.

13       Hernandez handed the UC the plastic bag, and the UC observed that it contained suspected

14  methamphetamine.  The UC exchanged $2,300 for the methamphetamine.  Agents later met with the UC

15  and took possession of the methamphetamine, which they sent to a DEA laboratory for testing.  Testing

16  revealed a positive result for Methamphetamine Hydrochloride, at a net weight of 870.8 grams +/- .02

17  grams and a purity of 98% +/- 7%.

18       He was arrested pursuant to a Criminal Complaint authorized on January 29, 2025 and made his

19  Initial Appearance on January 31, 2025.

20                                    **LEGAL STANDARD**

21       Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail

22  where "no condition or combination of conditions will reasonably assure the appearance of this person

23  as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Detention is

24  appropriate where a defendant is either a danger to the community or a flight risk–the government need

25  not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

26  A finding that a defendant is a danger to the community must be supported by clear and convincing

27  evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the

28  evidence. *Id*.  In a case such as this, "[s]ubject to rebuttal by the person, it shall be presumed that no

1    condition or combination of conditions will reasonably assure the appearance of the person as required

2    and the safety of the community if the judicial officer finds that there is probable cause to believe that

3    the person committed . . . an offense for which a maximum term of imprisonment of ten years of more is

4    prescribed in the Controlled Substances Act[.]" 18 U.S.C. § 3142(e)(3)(A).

5        "[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated

6    in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).

7    Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence

8    against the defendant; (iii) the history and characteristics of the defendant, including the defendant's

9    character, physical and mental condition, family and community ties, past conduct, history relating to

10   drug or alcohol use, criminal history, and record concerning appearance at court proceedings, as well as

11   whether the crime was committed while the defendant was on probation or parole; and (iv) the nature

12   and seriousness of the danger to any person or the community that would be posed by the defendant's

13   release. See 18 U.S.C. § 3142 (g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

14       The Rules of Evidence do not apply at a detention hearing.  18 U.S.C. § 3142(f)(2)(B).  It is well

15   settled that at a detention hearing, the government may present evidence by way of an evidentiary

16   proffer sufficient to make the court aware of the defendant's role in an offense, the weight of the

17   evidence against the defendant, and other relevant factors. See, e.g., *United States v. Salerno*, 481 U.S.

18   739, 743 (1987).

19                                          **ARGUMENT**

20       Hernandez, a multiple-felon who previously served a 144-month sentence from this district for

21   drug trafficking and money laundering offenses, sold approximately two pounds of high-purity

22   methamphetamine to an Undercover Officer in a controlled sale.  For this, he faces a mandatory

23   minimum penalty of ten years imprisonment, and a maximum penalty of life imprisonment.  This Court

24   should order him detained pending trial because his criminal history and actions in this case demonstrate

25   that not only can he not rebut the presumption of detention, but in fact there is at least a preponderance

26   of the evidence that no condition or combination of conditions can reasonably assure his appearance, as

27   well as clear and convincing evidence that no condition or combination of conditions can reasonably can

28

US' DETENTION MEMO                            4
3:25-mj-70105 MAG

1  reasonably assure the safety of any other person or the community.  Each of the statutory factors in 18

2  U.S.C. § 3142(g) weighs in favor of detention.

3      **A.    The Nature of the Charged Offense and the Weight of the Evidence Demonstrate
           Risk of Flight**

4

5      The crime with which Hernandez is charged carries severe penalties, including a mandatory

6  minimum prison sentence of 10 years.  He sold approximately 870 grams of high-purity

7  methamphetamine to an Undercover Officer, which is well in excess of the 500-gram threshold that

8  triggers the mandatory minimum under 21 U.S.C. § 841(b)(1)(A).  Additionally, a preliminary

9  calculation indicates a very substantial sentencing guidelines range.  Hernandez faces a high likelihood

10  of conviction.  He sold a UC a very large quantity of a substance that has been confirmed as containing

11  Methamphetamine Hydrochloride at an extremely high purity level.  There are recorded

12  communications of him arranging the transaction.  The weight of evidence and high likelihood of

13  conviction provide a strong incentive for him not to appear in court as required. *See United States v.*

14  *Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely he will

15  flee").

16      Additionally, Hernandez's past probation revocations demonstrate a tendency to disobey court

17  direction.

18      **B.    The Nature and Circumstances of the Offense and Hernandez's Criminal History
           Demonstrate He is a Danger to the Community**

19
    Under 18 U.S.C. § 3142(g)(1) the Court must take into account "the nature and circumstances of
20
    the offense charged, including whether the offense . . . involves . . . a controlled substance."  Not only
21
    does this offense involve a controlled substance, but it involves a very large quantity of a particularly
22
    dangerous one, methamphetamine.  Additionally, Hernandez told the UC that he was in possession of
23
    approximately ten times the quantity that he sold to the UC.
24
    Furthermore, Hernandez has a long history of trafficking in controlled substances, including a
25
    prior federal conviction for Possession with Intent to Distribute Methamphetamine.  He has continued
26
    this pattern of behavior despite various prior convictions and a lengthy period of incarceration.  As a
27

28

1  habitual methamphetamine trafficker, he presents a risk to the community by repeatedly purveying large

2  quantities of an extremely dangerous and destructive substance.

3                                           **CONCLUSION**

4          For the foregoing reasons, the Court should find that Hernandez cannot meet his burden of

5  rebutting the presumption of detention that should apply under 18 U.S.C. § 3142(e)(3)(A).  In fact, there

6  is at least a preponderance of the evidence that no condition or combination of conditions can reasonably

7  assure his appearance, as well as clear and convincing evidence that no condition or combination of

8  conditions can reasonably assure the safety of any other person or the community. The government

9  respectfully requests that the Court order Hernandez detained pending trial.

10

11

12  DATED:  February 4, 2025                              Respectfully submitted,

13                                                        ISMAIL J. RAMSEY
                                                          United States Attorney
14

15                                                        /s/ Eli J. Cohen_____

16                                                        ELI J. COHEN
                                                          Special Assistant United States Attorney
17

18

19

20

21

22

23

24

25

26

27

28

US' DETENTION MEMO                                    6
3:25-mj-70105 MAG